UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

NICKESHA McCLAIN, Administratix of         PLAINTIFFS
The Estate of MAY KING, and CHESTON
MASON, Individually and on Behalf of a
Class of Similarly Situated Persons

vs.                              CIVIL ACTION NO. 3:19-CV-426-CRS

OASIS LEGAL FINANCE, LLC                   DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on Oasis Legal Finance, LLC's ("Oasis" or "Defendant") motion to dismiss, DN 10, and motion to strike class allegations, DN 9, in an action brought by Plaintiffs Nickesha McClain, as Administratrix of the Estate of May King, and Cheston Mason, individually and on behalf of a class of similarly situated persons (collectively "Plaintiffs"). Plaintiffs filed a consolidated response. DN 17. Defendant filed two replies. DN 21; DN 22. This matter is now ripe for adjudication. For the reasons below, the Court will dismiss the action without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I. Background**

Oasis is a limited liability company, formed under the laws of Delaware, with its principal place of business in Cook County, Illinois. DN 1-2 at 1. Oasis entered into Agreements[1] with Plaintiffs King and Mason on September 14, 2016, and August 14, 2016, respectively. DN 9-1 at 2. Pursuant to the Agreements, Oasis provided King and Mason with funding while they pursued personal injury claims against third parties. DN 1-2 at 2. In exchange, Oasis claimed a portion of

---

[1] Plaintiffs style the Agreements as "nonrecourse cash advance loan agreements." DN 1 at 2. Defendants style the Agreements as "Nonrecourse Purchase Agreements." DN 9-1 at 2. For the purposes of this memorandum, the Court need not address whether the money provided to Plaintiffs was a "loan," and the Court will simply refer to these Agreements as "Agreements."

the proceeds from Plaintiffs' personal injury claims. *Id*. The Agreements contain the following caveat to Plaintiffs' repayment obligations: "IF SELLER…COMPLIES WITH THE NONRECOURSE PURCHASE AGREEMENT AND RECOVERS NOTHING FROM THE APPLICABLE LEGAL CLAIM(S), **THEN PURCHASER (OASIS) SHALL RECEIVE NOTHING.**" DN 9-7 at 3; DN 9-8 at 3.

The Agreements contain the following choice of forum selection clause:

> **THE PARTIES HEREBY IRREVOCABLY AND UNCONDITIONALLY CONSENT TO SUBMIT TO THE EXCLUSIVE JURISDICTION OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS FOR ANY DISPUTES, CLAIMS OR OTHER PROCEEDINGS ARISING OUT OF OR RELATING TO THIS PURCHASE AGREEMENT, OR THE RELATIONSHIPS THAT RESULT FROM THIS PURCHASE AGREEMENT, AND AGREE NOT TO COMMENCE ANY SUCH LAWSUIT, DISPUTE, CLAIM OR OTHER PROCEEDING EXCEPT IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS. THE PARTIES HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE ANY OBJECTION TO THE LAYING OF VENUE OF ANY LAWSUIT, DISPUTE, CLAIM OR OTHER PROCEEDING ARISING OUT OF OR RELATING TO THIS PURCHASE AGREEMENT, OR THE RELATIONSHIPS THAT RESULT FROM THIS PURCHASE AGREEMENT, IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS, AND HEREBY FURTHER IRREVOCABLY AND UNCONDITIONALLY WAIVE AND AGREE NOT TO PLEAD OR CLAIM IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS THAT ANY SUCH LAWSUIT, DISPUTE, CLAIM OR OTHER PROCEEDING BROUGHT IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS HAS BEEN BROUGHT IN AN INCONVENIENT FORUM.**

DN 9-7 at 10; DN 9-8 at 10.

The Agreements also contain the following class action waiver:

> **THE PARTIES HEREBY WAIVE THE RIGHT TO ANY JURY TRIAL ON ANY LAWSUIT, DISPUTE, CLAIM, OR CONTROVERSY. THE PARTIES ALSO WAIVE ANY RIGHT TO CONSOLIDATE OR TO HAVE HANDLED AS A CLASS ACTION ANY PROCEEDING ON ANY LAWSUIT, DISPUTE, CLAIM, OR CONTROVERSY WITH ANY PROCEEDING ON ANY LAWSUITS, DISPUTES, CLAIMS, OR CONTROVERSIES INVOLVING ANY PERSON OR ENTITY NOT A PARTY TO THIS AGREEMENT.**

DN 9-7 at 10; DN 9-8 at 10.

## II. Motion to Dismiss Pursuant to the Agreements' Forum Selection Clause

Defendant moves for dismissal because the Agreements' forum selection clause requires Plaintiffs to pursue their claims in the Circuit Court of Cook County, Illinois. DN 10 at 1. Plaintiffs respond that the court should set aside the forum selection clause and deny Defendant's motion. DN 17 at 14.

Under controlling federal law, "[a] forum selection clause should be upheld absent a strong showing that it should be set aside." *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) (citation omitted). Before enforcing a choice of venue clause, the Court must first determine its validity based on the following factors: (1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust. *Sec. Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 375 (6th Cir. 1999). The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced. *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229 (6th Cir. 1995). Plaintiffs have not born their burden.

### A. Fraud, Duress, and Unconscionability

Plaintiffs have not demonstrated that their assent to the forum selection clause was obtained through fraud, duress, or unconscionable means. Plaintiffs fail to make any argument that the forum selection clause itself was obtained by fraud or unconscionable means. Instead, Plaintiffs argue that their assent to the forum selection clause was obtained by duress because "Oasis preys on desperate borrowers…when they have been injured and are in need of compensation." DN 17 at 15. This argument is without merit.

Duress is "such violence or threats made by the party or some person acting for or through him, or by his advice or counsel, as are calculated to produce on a person of ordinary intelligence a just fear of great injury to person." *Bond State Bank v. Vaughn*, 241 Ky. 524, 44 S.W.2d 527, 528 (1931). Similarly, duress may exist "where one, by the unlawful act of another, is induced to make a contract or perform some act under circumstances which deprive him of the exercise of his free will." *Fears v. United Loan & Deposit Bank*, 172 Ky. 255, 189 S.W. 226, 232 (1916). Plaintiffs provide no evidence that Oasis compelled Plaintiffs to assent to the forum selection clause or that Plaintiffs were otherwise fearful of violence. Even if Plaintiffs were "injured and…in need of compensation" this alone is insufficient to demonstrate that Plaintiffs were under duress at the time that they signed the Agreements.

**B. Ineffectiveness or Unfairness of the Selected Forum**

Plaintiffs allege the Circuit Court of Cook County, Illinois would be an ineffective or unfair forum because "Plaintiffs would have to put on their case in as little as two weeks, and at most a month-and-a-half, after filing suit without the benefit of any discovery." This argument is without merit.

A forum may be ineffective or unfair where "the foreign law [is] such that a risk exists that the litigants will be denied any remedy or will be treated unfairly." *Wong*, 589 F.3d at 829. "Different or less favorable foreign law or procedure alone does not satisfy this prong." *Id.* "The fact that parties will have to structure their case differently than if they were litigating in federal court is not a sufficient reason to defeat a forum selection clause." *Shell*, 55 F.3d at 1231. Requiring the parties to litigate claims arising out of their Agreements in the Circuit Court of Cook County, Illinois would not deny Plaintiffs of "any remedy." The fast pace at which litigation may proceed may be less advantageous for Plaintiffs, but this does not render the forum "ineffective"

or "unfair." At best, the scheduling differences between the Circuit Court of Cook County, Illinois and the federal district court in the Western District of Kentucky are simply "different or less favorable."

Even if a trial in the Circuit Court of Cook County would be "without the benefit of discovery," this procedural difference is insufficient to justify setting aside the forum selection clause that both parties agreed upon prior to litigation. Furthermore, as Plaintiffs note in their response, discovery *is* available with leave of court. *See* DN 17 at 15 citing Ill. S. Ct. R. 287. These discovery practices, narrow as they may be, do not rise to the level of "ineffective" or "unfair."

Plaintiffs argue that the Circuit Court of Cook County would be ineffective and unfair because the court there would be "unfamiliar with complex areas of Kentucky law." As an initial matter, Plaintiff fails to demonstrate why this matter is particularly complex. In fact, Plaintiffs allege that Kentucky statutes "provide an ironclad defense against enforcement of Oasis's agreement," undermining their argument that this case is too complicated to be heard outside of the state of Kentucky. Plaintiffs fail to demonstrate why this case would lay beyond the comprehension of the Circuit Court of Cook County, Illinois, even in the absence of pretrial briefings or general discovery.

C. **Inconvenience of the Selected Forum**

Plaintiffs allege that requiring the case to proceed in the Circuit Court of Cook County, Illinois would be so inconvenient as to be unjust. DN 10-1 at 9. To justify invalidation of the Agreements' forum selection clause, Plaintiffs must demonstrate that litigating in Cook County, Illinois be more than a "mere inconvenience." *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 829 (6th Cir. 2009). Plaintiff has failed to do so. Requiring the parties to litigate in Cook County, Illinois

(a one-hour flight or five-hour drive from Louisville, Kentucky) may be inconvenient, at best, but is certainly not "unjust." *See Carnival Cruise Lines v. Shute*, 499 U.S. 585, 587 (1991)(enforcing a forum selection clause that required Washington residents to litigate in Florida despite the appellate court's finding that the couple was "physically and financially incapable of pursuing the litigation in Florida"); *Wong*, 589 F.3d at 829 (noting that while the plaintiffs were "not sophisticated business entities with the ability to negotiate the forum, and continuing the suit in Gibraltar would no doubt be an inconvenience," "plaintiffs ha[d] not carried their 'heavy burden' of showing that enforcing this forum selection clause would be unjust or unreasonable").

### III. Conclusion

Plaintiffs fail to identify a single compelling reason to invalidate the forum selection clause. Accordingly, the Court finds that the forum selection clause is valid and, therefore, dismissal pursuant to the Federal Rule of Civil Procedure 12(b)(6) is appropriate. *Wilson v. 5 Choices, LLC*, 776 F. App'x 320, 326 (6th Cir. 2019)("[A] motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is a permissible way to enforce forum-selection and arbitration clauses."). As the Court will dismiss this case pursuant to the forum selection clause in the parties' Agreements, the Court will deny Defendant's motion to strike class allegations as moot. For the reasons stated herein, a separate order will be entered this date in accordance with this opinion.

January 30, 2020

Charles R. Simpson III, Senior Judge
United States District Court